UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARYANN GALLINA,

    Plaintiff,

v.                                        CASE NO.: 8:05-CV-567-T-MAP

JO ANNE B. BARNHART, Commissioner
of Social Security,

    Defendant.
_____/

**ORDER**

Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), the Plaintiff seeks judicial review of the Commissioner's decision denying her disability insurance benefits, period of disability benefits, and Supplemental Security Income ("SSI").[1] Plaintiff argues the Administrative Law Judge ("ALJ") erred by (1) failing to adequately consider whether Plaintiff's fatigue and shortness of breath met the necessary criteria for a finding of severity at step two of the sequential evaluation; (2) failing to fully and adequately consider the full range of the Plaintiff's impairments in determining her ability to perform substantial gainful activity and in ascertaining her credibility; (3) failing to present a proper hypothetical to the vocational expert ("VE"); and (4) relying upon flawed vocational testimony. He additionally argues remand is needed for consideration of new evidence. Having carefully reviewed the record, I find the ALJ applied the correct legal standards and the decision is supported by substantial evidence. Accordingly, Plaintiff's complaint is dismissed and judgment is entered for the Defendant.

---

[1] The parties have consented to proceed before me pursuant to 28 U.S.C. § 636(c) (doc. 9).

*A. Background*

Plaintiff, born on June 7, 1956, has a high school education and past work experience as an office clerk, business owner/operator and fast food worker. She claims disability, commencing December 31, 2001, due to lung tumors, sarcoidosis, fatigue, shortness of breath, depression, weight gain, sweating, and nervousness. Plaintiff filed applications for disability insurance benefits and SSI on January 29, 2002. After these applications were denied initially and on reconsideration, Plaintiff requested an administrative hearing. An administrative hearing was held on August 3, 2004, and the ALJ issued a decision denying Plaintiff benefits. The Appeals Court denied review on January 21, 2005, and Plaintiff filed this action. The case is now ripe for review.

*B. Standard of Review*

To be entitled to SSI or disability insurance benefits a claimant must be unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. *See* 42 U.S.C. § 423 (d)(3).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations that are currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520; 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. *See* 20 C.F.R. §§ 404.1520(a); 416.920(a). Under this process, the

Commissioner must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment(s) (i.e., one that significantly limits the ability to perform work-related functions); (3) whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Part 404, Subpart P; (4) whether the claimant can perform her past relevant work; and (5) if the claimant cannot perform the tasks required of her prior work, the ALJ must decide if the claimant can do other work in the national economy in view of her age, education, and work experience. 20 C.F.R. § 404.1520. A claimant is entitled to benefits only if unable to perform other work. *See Bowen v. Yuckert,* 482 U.S. 137 (1987); 20 C.F.R. §§ 404.1520(f); 416.920(f).

In reviewing the ALJ's findings, this Court must ask if substantial evidence supports those findings. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, (1971). The ALJ's factual findings are conclusive if "substantial evidence" consisting of "relevant evidence as a reasonable person would accept as adequate to support a conclusion" exists. *See* 42 U.S.C. § 405(g); *Keeton v. Department of Health and Human Services*, 21 F.3d 1064 (11th Cir. 1994). The court may not reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds the evidence preponderates against the ALJ's decision. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir.1983). Further, the Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he/she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066; *Jamison v. Bowen*, 814 F.2d 585 (11th Cir. 1987) (remand for clarification).

*C. Discussion*

*1. step two*

Plaintiff claims the ALJ erred at step two of the sequential analysis by failing to adequately consider the severity of her fatigue, shortness of breath, and possible iron deficiency and/or thalassemia. The Commissioner argues that the ALJ did in fact consider the severity of these impairments, concluding they were not severe.

An impairment is "not severe" if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience. *See Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984); SSR 85-28 (1985). One of Plaintiff's treating doctors, Dr. Shanmugham, noted that she was not that short of breath (Tr. 119). Similarly, Dr. Korabathina noted during an examination that Plaintiff was not breathless and that she was not wheezing (Tr. 133). In addition, a lung examination in September 2002 revealed good air entry (Tr. 133) and a pulmonary functions test showed normal spirometry readings and lung volumes (Tr. 177). Accordingly, after reviewing the record evidence, I find substantial support for the ALJ's conclusions. The ALJ committed no error at step two of the sequential analysis and followed the regulatory scheme.

*2. Plaintiff's credibility*

Plaintiff argues the ALJ discredited her testimony of his pain and physical limitations without giving adequate reasons for doing so. The Commissioner asserts that the ALJ carefully considered Plaintiff's complaints of fatigue and shortness of breath, but determined that her testimony was not fully credible, as her complaints were inconsistent with the medical evidence.

If the ALJ rejects a claimant's testimony regarding complaints of pain, he must articulate

4

"explicit and adequate reasons" for doing so. *Foote v. Chater*, 67 F.3d 1553, 1561-62 (11th Cir. 1995). The articulated reasons for discrediting a claimant's testimony must be supported by substantial evidence. *Hale v. Bowen*, 831 F.2d 1007, 1012 (11th Cir. 1987). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *Foote*, 67 F.3d at 1562.

In his decision, the ALJ found that Plaintiff retained the RFC to perform a significant range of sedentary work. (Tr. 22). To the extent that Plaintiff alleged additional limitations or symptoms causing additional limitations, the ALJ found her not credible. In making the credibility determination, the ALJ properly made the following observations: Dr. Korabathina stated that she was not breathless, there was no wheezing during his examination, she had good air entry and the AP diameter of her chest was not increased and she did not need to use accessory muscles of respiration (Tr. 133); pulmonary functions tests from Oak Hill revealed normal spirometry readings and lung volumes (Tr. 177); treating physician Dr. Shanmugham reported no shortness of breath (Tr. 119); and no physician ever suggested any limitations on Plaintiff's ability to work, either now or in the future.

Interestingly, Plaintiff makes no attempt to challenge or refute these reasons. Rather, she challenges the fact that the ALJ did not re-contact Dr. Tang regarding his comments on her possible iron deficiency or thalassemia. Of importance is the fact that Dr. Tang ordered numerous tests for Plaintiff and advised her to return in two weeks, however, the record shows no other reports or evidence from Dr. Tang or his office. The ALJ was forced to conclude that Plaintiff did not show up for her appointment. As Dr. Tang was the only physician to mention iron deficiency or thalassemia, and since Plaintiff appears to have disregarded his advice to return for further testing,

the ALJ's decision to not re-contact Dr. Tang was proper. Accordingly, the ALJ properly discounted Plaintiff's credibility, and remand is not warranted.

   *3. vocational expert*

Upon consideration of the medical evidence and testimony, the ALJ found that Plaintiff retained an RFC to lift and carry ten pounds, sit for six hours, stand or walk for two hours and occasionally balance or crawl. In addition, she cannot be exposed to fumes, she can perform simple repetitive tasks only, can only tolerate minimal stress, and she can have occasional interaction with co-workers (Tr. 21). The ALJ also found the Plaintiff not able to return to her past relevant work, as those jobs exceeded her RFC. After this determination, the ALJ enlisted the help of a vocational expert. The expert opined that Plaintiff could work as a billing clerk, clerical sorter, and data entry clerk (Tr. 23). At this point the ALJ found Plaintiff "not disabled."

Plaintiff claims that the hypothetical posed to the vocational expert did not adequately address her complaints of fatigue. Plaintiff's contentions are based on her allegations of needing to continuously alternate between working for two hours and then resting for one hour during a work day. If this allegation were true, Plaintiff would have been disabled, and the vocational expert said there would be no work available. However, as detailed in the above discussions, Plaintiff's complaints regarding her fatigue and other conditions were found to be not fully credible. Accordingly, the ALJ included all relevant limitations in the hypothetical he posed to the vocational expert.

   *4. motion to remand*

In a separate motion to remand (doc. 21), Plaintiff asserts that there is new evidence available that would possibly and probably alter the decision of the ALJ. To obtain a remand under "sentence

six" of 42 U.S.C. § 405(g), a plaintiff must show there is (1) new, noncumulative evidence; (2) that the evidence is material in that it is relevant, probative, and likely to change the administrative outcome; and (3) good cause for failure to submit the evidence at the administrative level. *Cannon v. Bowen*, 858 F. 2d 1541 (11th Cir. 1988). The new evidence Plaintiff presents is a medical source statement from Dr. Ronald Panella prepared on June 7, 2005, based on a March 15, 2005 pulmonary functions test and chest x-ray (doc. 21). Dr. Panella opines that Plaintiff's "severe disabling pulmonary impairment" meets listing 3.02 (C)(1) (doc. 21-4). This evidence became available more than one hundred days after the ALJ rendered his decision on November 23, 2004. Plaintiff claims the evidence should be considered since it concerns her long standing and progressive condition. However, this Court finds that the new evidence does not relate to the relevant time period considered by the ALJ. Plaintiff's condition is of a progressive nature and while she is now disabled,[2] her condition had not risen to that level at the time relevant to the ALJ's decision. A subsequent deterioration of a previously non-disabling condition is not cause for remand. Because the evidence does not pertain to the time period for which the benefits were denied, the evidence fails to meet the materiality requirement for remand.

   *D. Conclusion*

   For the reasons stated, it is

   ORDERED:

   1. The Plaintiff's complaint is dismissed and the Clerk is directed to enter judgment for the Commissioner.

---

[2] Subsequent to the ALJ's November decision, Plaintiff filed a new application for benefits, which was granted.

2. Plaintiff's Motion to Remand (doc. 21) is DENIED.

DONE AND ORDERED at Tampa, Florida on this 15th day of March, 2006.

*Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

cc: Counsel of Record